**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| DEANA COLEMAN,<br><br>       Plaintiff - Appellant,<br><br>  v.<br><br>AMERICAN COMMERCE<br>INSURANCE, a foreign corporation doing<br>business in Washington,<br><br>       Defendant - Appellee. | No. 10-36123<br><br>D.C. No. 3:09-cv-05721-RJB<br><br><br>MEMORANDUM[*] |
| DEANA COLEMAN,<br><br>       Plaintiff - Appellee,<br><br>  v.<br><br>AMERICAN COMMERCE<br>INSURANCE, a foreign corporation doing<br>business in Washington,<br><br>       Defendant - Appellant. | No. 10-36139<br><br>D.C. No. 3:09-cv-05721-RJB |

Appeal from the United States District Court
for the Western District of Washington

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Robert J. Bryan, Senior District Judge, Presiding

Submitted December 9, 2011[**]
Seattle, Washington

Before: GUY,[***] McKEOWN, and TALLMAN, Circuit Judges.

Deana Coleman appeals the district court's summary judgment in favor of American Commerce Insurance Company in this diversity action arising from a motor vehicle accident. Coleman's daughter was seriously injured in the accident. Coleman alleged that she suffered emotional distress from witnessing her daughter's injuries, which resulted in post-traumatic stress disorder. At the time of the accident, Coleman had an underinsured motorist policy with American Commerce. Coleman alleged that American Commerce violated its duty of good faith and fair dealing, the Washington State Insurance Fair Conduct Act ("IFCA"), and the Washington State Consumer Protection Act ("CPA"). American Commerce cross appealed. We review de novo a district court's order granting summary judgment. *Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1117 (9th Cir. 2009).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Ralph B. Guy, Jr., Senior United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

The district court correctly found that Coleman had no damages to support her claims against American Commerce under common law, the IFCA, or the CPA. In a first-party context, the insured's common law damages are limited to the amount incurred as a result of the bad faith as well as general tort damages. *Coventry Assocs. v. Am. States Ins. Co.*, 961 P.2d 933, 939 (Wash. 1998). Here, Coleman failed to show damages or harm incurred as a result of the alleged bad faith. Similarly, Coleman has not shown actual damages that were the result of American Commerce's actions sufficient to substantiate a claim under the IFCA or the CPA.[1]

Assuming that Coleman did not waive her claim for negligent infliction of emotional distress, the district court properly found that Coleman's injuries were not foreseeable as a matter of law, and thus properly granted summary judgment in favor of American Commerce on this claim. We adopt the district court's rationale in its September 14, 2010 order. Because Coleman's claims do not survive summary judgment, she is not entitled to a jury trial.

On cross-appeal, the district court correctly found that Coleman did not fail to cooperate. American Commerce first requested a sworn statement from

---

[1] Coleman's motion for certification to the Washington Supreme Court is denied.

Coleman in a letter dated October 30, 2009, nearly two weeks after Coleman had already put American Commerce on notice of her intent to sue. Finally, in its letters dated September 22, 2008, and January 9, 2009, American Commerce misstated insurance policy provisions. The policy does not state that there is a requirement that Coleman must seek medical treatment before satisfying the definition of "bodily injury." We adopt the district court's rationale in its decision of July 13, 2010.

AFFIRMED.